UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.: _____

| | |
|---|---|
| LEIDY RAMIREZ, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SPARKLEAN CLEANING LLC and | ) |
| TONY A. GIULIANO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff LEIDY RAMIREZ (the "Plaintiff") sues defendants SPARKLEAN

CLEANING LLC and TONY A. GIULIANO (collectively, the "Defendants") and

allege:

## I.    JURISDICTION

1.    This is an action to recover unpaid wages under the Florida Minimum

Wage Act, Fla. Stat. § 448.110 ("FMWA"); Art. X § 24, Fla. Const.; Florida common

law; and under the laws of the United States. This Court has jurisdiction pursuant

THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                  www.Cash4myCase.com

to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("FLSA").

2.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II.     VENUE

3.     The Defendant SPARKLEAN CLEANING LLC (the "Corporate Defendant") is a company duly authorized and existing under the laws of the State of Florida and conducting business in Lee County, Florida.

4.     The Plaintiff worked for the Defendants in Lee County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the FMWA and the FLSA.

5.     Defendants, at all times material hereto, were and are engaged in interstate commerce.

6.      Defendant TONY A. GIULIANO (the "Individual Defendant"), upon information and belief, resides in Lee County, Florida.

7.      The acts or omissions giving rise to this Complaint occurred in whole or in part in Lee County, Florida.

8.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Lee County, Florida.

## III.    GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.      At all times material, the Plaintiff was employed by the Defendants as a residential and commercial cleaner from approximately July 6, 2022, until her wrongful termination approximately in August 2022. Discovery should reveal the Plaintiff's specific dates of employment

10.     The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendants.

11.     Defendants hired the Plaintiff to provide commercial and residential cleaning services on behalf of Defendants and promised to pay Plaintiff $16.00 per hour in cash for her time.

12.     Despite performing compensable work, the Plaintiff was not paid for at least one hundred (100) hours of her time.

13.     The Plaintiff repeatedly contacted the Defendants and inquired about her unpaid wages. Specifically, Plaintiff requested 100 hours' worth of pay or the corresponding minimum wage.

14.     Instead of paying Plaintiff for all the hours that she worked, or at least the corresponding minimum wage, Defendants terminated Plaintiff's employment on or about August 26, 2022.

15.     All conditions precedent to bringing this action have occurred, been performed or been excused.

16.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

### COUNT I: MINIMUM WAGES (CORPORATE DEFENDANT) – FLSA

17.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18.     The Plaintiff is a covered employee for purposes of the FLSA.

19.     The FLSA is interpreted in accordance with federal regulations and case law implementing the FLSA.

20.    This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of the Act.

21.    Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

22.    The FLSA provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

23.    In Florida, the minimum wage in 2022 was $10.00 per hour.

24.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

25.    The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this

Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

26.    Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

27.    By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA and/or the Plaintiff was or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the FLSA applies.

28.    The Corporate Defendant is a Florida limited liability company engaged in the business of providing cleaning services and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. The Plaintiff was employed by the Corporate Defendant as a residential and commercial cleaner for the Corporate Defendant's business.

29.    While employed by the Corporate Defendant, the Plaintiff was not paid for approximately 100 hours of employment. She was not paid at least the minimum wage for each of those hours.

30.    The Plaintiff worked for the Corporate Defendant from approximately July 6, 2022, to August 2022. In total, the Plaintiff worked approximately 4 compensable weeks under the Act.

31.    The Plaintiff seeks to recover unpaid wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

32.    Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of her unpaid minimum wages is as follows:

100 Unpaid Minimum Wage Hours During Plaintiff's Weeks of Employment: $10 x 100 = $1,000.

33.    At all times material hereto, the Corporate Defendant failed to comply with the FLSA in that the Plaintiff performed services and worked for the Corporate Defendant but no provision was made by the Corporate Defendant to properly pay the Plaintiff at the prevailing minimum wage.

34.    The Corporate Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above, and the Plaintiff is entitled to recover double damages.

35.    The Corporate Defendant willfully and intentionally refused to pay the Plaintiff all of her full minimum wages as required by the laws of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

36.    The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff that this Honorable Court:

a.  Enter judgment for the Plaintiff and against the Corporate Defendant

on the basis of the Corporate Defendant's willful violations of the FLSA; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: MINIMUM WAGES (INDIVIDUAL DEFENDANT) – FLSA

37. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

38. The Plaintiff is a covered employee for purposes of the FLSA.

39. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Manager of the Corporate Defendant. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated.

40. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant,

provided the Plaintiff with her work schedule, and is jointly liable for the Plaintiff's damages.

41.    The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the FLSA.

42.    The Individual Defendant willfully and intentionally caused the Plaintiff not to receive all of her minimum wages as required by the laws of the State of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

43.    The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment for the Plaintiff and against the Individual Defendant on the basis of the Defendants' willful violations of the FLSA; and

b.  Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

c.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

d.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e.  Grant such other and further relief as this Court deems equitable and

just.

## COUNT III: RETALIATION – FLSA

44.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

45.     The Plaintiff is a covered employee for purposes of the FLSA.

46.     The Defendants willfully and intentionally refused to pay the Plaintiff her legally owed minimum wages as required by the laws of the United States and remain owing the Plaintiff these wages as set forth above.

47.     Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

48.     The Plaintiff complained about her unpaid minimum wages to the Defendants on multiple occasions up until the time of her termination.

49.     On or about August 2022, the Plaintiff was terminated.

50.     The motivating factors, which caused the Plaintiff's discharge as described above, were the complaints seeking the payment of overtime wages from the Defendants. In other words, the Plaintiff would not have been fired but for her complaints about unpaid overtime wages.

51.     The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff requests that this Honorable Court:

a.    Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

b.    Order reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### COUNT IV: UNPAID WAGES (COMMON LAW) – 448.08

52.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

53.     At all times material hereto, the Plaintiff was an employee of the Corporate Defendant.

54.     The Plaintiff was employed by the Corporate Defendants as a residential and commercial cleaner.

55. The Plaintiff worked as a residential and commercial cleaner for the Corporate Defendants from approximately July 6, 2022, through August 2022. The Plaintiff rate of pay was $16,00 per hour.

56. This is an action in common law.

57. The Corporate Defendant failed to pay the Plaintiff wages due to her. Specifically, the Corporate Defendants paid nothing to the Plaintiff for at least 100 hours' worth of compensable work.

58. Pursuant to Section 448.08, Florida Statutes, the Plaintiff is entitled to recover costs of this action and a reasonable attorney's fee.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Award the Plaintiff unpaid wages found to be due and owing;

b. Award the Plaintiff prejudgment interest;

c. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

d. Order such other relief as this Court deems just and equitable.

**COUNT V: UNPAID WAGES (BREACH OF CONTRACT) – 448.08**

59. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

60. At all times material hereto, the Plaintiff was an employee of the Corporate Defendant.

61.     The Plaintiff was employed by the Corporate Defendant as a residential and commercial cleaner.

62.     The Plaintiff worked as a residential and commercial cleaner for the Corporate Defendant from approximately July 6, 2022, through August 2022.

63.     The Plaintiff and the Corporate Defendant entered into a verbal agreement in which Corporate Defendant agreed to pay Plaintiff $16,00 per hour for her work.

64.     The Plaintiff fulfilled her end of the verbal agreement.

65.     The Corporate Defendant breached the agreement and did not pay the Plaintiff for at least 100 hours' worth of work.

66.     As a result, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Award the Plaintiff unpaid wages found to be due and owing;

b.  Award the Plaintiff prejudgment interest;

c.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

d.  Order such other relief as this Court deems just and equitable.

## COUNT VI: MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT – CORPORATE DEFENDANT (FMWA)

67.     Plaintiff re-adopts and incorporates by reference each and every factual allegation as stated in paragraphs 1-16 above as if fully set forth herein.

68.    This action is brought under the Florida Minimum Wage Act (FMWA), Fla. Stat. § 448.110, to recover unpaid minimum wages for work performed by the Plaintiff.

69.    Defendants employed Plaintiff as a residential and commercial cleaner from approximately July 6, 2022, to August 2022.

70.    Plaintiff was not paid for at least 100 hours of work performed at the corresponding minimum wage for 2022. Specifically, the Corporate Defendant failed to pay Plaintiff $10 x 100 = $1,000.

71.    Under the FMWA, the Corporate Defendant was required to pay Plaintiff at least the Florida minimum wage for each hour worked.

72.    By failing to compensate Plaintiff at the statutory minimum wage, the Corporate Defendant violated the FMWA.

73.    As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages, including unpaid wages, liquidated damages, attorneys' fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

a. Enter judgment against the Corporate Defendant for unpaid minimum wages under the FMWA;

b. Award Plaintiff liquidated damages as provided under the FMWA;

c. Award Plaintiff reasonable attorneys' fees and costs as provided under the FMWA;

d. Grant any other relief this Court deems just and proper.

## COUNT VII: MINIMUM WAGES (INDIVIDUAL DEFENDANT) – FMWA

74. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

75. The Plaintiff is a covered employee for purposes of the FMWA.

76. The FMWA is interpreted according to the FLSA and federal regulations and case law that implement the FLSA.

77. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Manager of the Corporate Defendant. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the FLSA in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated.

78. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant,

provided the Plaintiff with her work schedule, and is jointly liable for the Plaintiff's damages.

79.    The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the FMWA.

80.    The Individual Defendant willfully and intentionally caused the Plaintiff not to receive all of her minimum wages as required by the laws of the State of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

81.    The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.    Enter judgment for the Plaintiff and against the Individual Defendant on the basis of the Defendants' willful violations of the FMWA; and

b.    Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

c.    Award the Plaintiff an equal amount in double damages/liquidated

damages; and

d.    Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e.    Grant such other and further relief as this Court deems equitable and just.

## COUNT VIII: RETALIATION UNDER THE FLORIDA MINIMUM WAGE ACT (FMWA)

82.    Plaintiff re-adopts and incorporates by reference each and every factual allegation as stated in paragraphs 1-16 above as if fully set forth herein.

83.    Plaintiff engaged in a protected activity by making complaints regarding unpaid minimum wages to the Defendants in August of 2022.

84.    The FMWA prohibits employers from retaliating against employees for asserting their rights under the Act. Fla. Stat. § 448.110(5).

85.    Instead of addressing Plaintiff's wage concerns, Defendants terminated Plaintiff's employment.

86.    Defendants retaliated against Plaintiff because she engaged in protected activity.

87.    As a result of Defendants' unlawful retaliation, Plaintiff has suffered damages, including lost wages, emotional distress, and other compensatory damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. Enter judgment against Defendants for retaliation under the FMWA;

b. Award Plaintiff back pay, front pay, and/or reinstatement, as appropriate;

c. Award Plaintiff compensatory damages, including for emotional distress;

d. Award Plaintiff reasonable attorneys' fees and costs;

e. Grant any other relief this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

The Plaintiff demands trial by jury of all issues so triable as of right.

Dated: March 26, 2025.

Respectfully submitted,

**/s/ Ruben Martin Saenz**
Ruben Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: martin@legalopinionusa.com

THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Lead Counsel for Plaintiff*