UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEIDY RAMIREZ,

     Plaintiff,

v.

                            Case No.: 2:25-cv-00247-JES-KCD

SPARKLEAN      CLEANING,
LLC and TONY A GIULIANO,

     Defendants.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, Sparklean Cleaning, LLC and Tony A. Guiliano ("Defendants"),

files this their Answer and Affirmative Defenses.

### I.JURISDICTION

1.    Denied.

2.    Denied.

### II.VENUE

3.    Admitted for venue purposes only.

4.    Denied.

5.    Denied.

6.    Admitted for venue purposes only.

7.    Denied.

-1-

8.      Admitted for venue  purposes only.

### III. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied

14.     Denied.

15.     Denied.

16.     The Defendant admits that the Plaintiff has hired counsel to represent them but is unaware of any fee agreement between them.

### COUNT I: MINUMUM WAGES (CORPORATE DEFENDANT) – FLSA

17.     Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

18.     Denied.

19.     This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

20.     The Defendant would state that this action speaks for itself. Should the Court require an answer to this paragraph, the Defendant denies the allegation(s) contained therein and demands strict proof thereof.

21.     This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

22.     This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

23.     This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

24.     This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.    Denied.

31.    Paragraph 31 contains an assertion that constitutes a conclusory statement that does not require a response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    The Defendant admits that the Plaintiff has hired counsel to represent them but is unaware of any fee agreement between them.

## COUNT II: MINUMUM WAGES (INDIVIDUAL DEFENDANT) – FLSA

37.    Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    The Defendant admits that the Plaintiff has hired counsel to represent them but is unaware of any fee agreement between them.

-4-

## COUNT III: RETALIATION – FLSA

44.    Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

45.    Denied.

46.    Denied.

47.    This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

48.    Denied.

49.    Denied.

50.    Paragraph 50 contains an assertion that constitutes a conclusory statement that does not require a response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

51.    Denied.

## COUNT IV: UNPAID WAGES (COMMON LAW) – 448.08

52.    Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

53.    Denied.

54.    Denied.

55.    Denied.

56. The Defendant would state that this action speaks for itself. Should the Court require an answer to this paragraph, the Defendant denies the allegation(s) contained therein and demands strict proof thereof.

57. Denied.

58. Denied.

**COUNT V: UNPAID WAGES (BREACH OF CONTRACT) – 448.08**

59. Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**COUNT VI: MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE
ACT – CORPORATE DEFENDANT (FMWA)**

67. Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

68.    The Defendant would state that this action speaks for itself. Should the Court require an answer to this paragraph, the Defendant denies the allegation(s) contained therein and demands strict proof thereof.

69.    Denied.

70.    Denied.

71.    This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

72.    Paragraph 72 contains an assertion that constitutes a conclusory statement that does not require a response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

73.    Denied.

**COUNT VII: MINIMUM WAGES (INDIVIDUAL DEFENDANT) – FMWA**

74.    Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

75.    Denied.

76.    This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    The Defendant admits that the Plaintiff has hired counsel to represent them but is unaware of any fee agreement between them.

## COUNT VIII: RETALIATRION UNDER THE FLORIDA MINIMUM WAGE ACT (FMWA)

82.    Defendants hereby re-allege and re-assert their responses to the foregoing Paragraphs 1 through 16 as though fully set forth herein.

83.    Denied.

84.    This paragraph contains legal conclusions and questions of law to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

85.    Denied.

86.    Denied.

87.    Denied.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred, in whole or part, for failure to state a claim upon which relief may be granted.

2.    Plaintiff failed to comply with conditions precedent under the Florida Minimum Wage Act.

3.    Plaintiff is not covered by the FLSA to the extent that she was properly classified as independent contractor and was not an employee.

4.    Plaintiff's claims are barred to the extent she seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA. 29 U.S.C. § 203(g) and (o).

5.    To the extent that Plaintiff proves any overtime liability under the FLSA, the proper measure of damages is "half-time" for any hours worked in excess of forty during any particular workweek, because Plaintiff was paid "straight time" for all hours worked.

## JURY TRIAL DEMAND

Defendants hereby request a jury trial on all issues raised in the Complaint filed by Plaintiff and Plaintiff's Counsel.

WHEREFORE, Defendants, Sparklean Cleaning, LLC and Tony A. Guiliano, respectfully request this Honorable Court enter judgment in their favor and against Plaintiff, that this Court award Defendants their costs and attorneys' fees incurred in defending this action, and grant such further relief as deemed just and proper.

Dated: April 22, 2025.

Respectfully submitted,

**MCINTYRE & BERMUDEZ, PLLC**

/s/ Victor R. Bermudez
Victor R. Bermudez, Esq.
Florida Bar No. 1010344
*Lead Trial Counsel for Defendants*
1520 Royal Palm Square Blvd.
Suite 210
Fort Myers, FL 33919
(P) 239.935.8426
(F) 239.291.6668
victor@mbcounsel.com
karenia@mbcounsel.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 22, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Victor R. Bermudez*
Victor R. Bermudez, Esq.

-10-